Amir J. Goldstein, Esq. (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212,
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL DERMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL CREDIT, SYNCHRONY BANK and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:   2:20-cv-2378<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendants PAYPAL CREDIT and SYNCHRONY BANK alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of: the Truth In Lending Act ("TILA") or 15 U.S.C. §§1601 et seq. and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") or California Civil Code §1788, et seq. which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also alleges breach of contract and violations of California Business and Professions Code §17200 et seq.

1

# PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201.

3. Upon information and belief, Defendant PayPal Credit is a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, a "creditor" as defined pursuant to 15 U.S.C. § 1602, and is authorized to do business in the state of California.

4. Upon information and belief, Defendant Synchrony Bank is a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, a "creditor" as defined pursuant to 15 U.S.C. § 1602 and is authorized to do business in the state of California.

# JURISDICTION

5. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1601, 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

# FACTUAL ALLEGATIONS

6. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

7. That in or about 2019, Plaintiff obtained a credit account from Defendants PayPal Credit and/or Synchrony Bank.

8. That according to Defendants, certain purchases made with said credit account would be classified as a "Promotional Purchase" whereby the Defendants would not charge the account holder, the Plaintiff, any interest if the purchases were paid in full within six months.

9. That Plaintiff made various purchases on his credit account based on Defendants' representations regarding the "Promotional Purchases" and made timely monthly payments in order to avoid interest charges.

Class Action Complaint for Damages

10. That in or about June 2019, Plaintiff made multiple purchases to one merchant, "JOSBANKCLOT."

11. That in or about July 2019, Plaintiff returned the merchandise he previously purchased from "JOSBANKCLOT."

12. That Plaintiff's previous charges to "JOSBANKCLOT" were not credited back to his credit account properly.

13. That Plaintiff disputed the improper credits and remaining charges with the Defendants.

14. That Defendants attempted to credit Plaintiff's credit account properly, yet failed to do so despite Plaintiff's efforts.

15. That Defendants made a subsequent attempt to make the proper refunds to Plaintiff's credit account, and in doing so, made various "Miscellaneous Adjustments" to his credit account.

16. That the "Miscellaneous Adjustments" made by Defendants to Plaintiff's credit account inadequately credited Plaintiff for the returns he previously made.

17. That the various credits and notations made by the Defendants on Plaintiff's credit account billing statements were confusing, misleading and unclear.

18. That as a result of misrepresentations by the Defendants, Plaintiff could no longer keep track of the purchases on the credit account for purposes of avoiding interest charges on the "Promotional Purchases."

19. That as a result of Defendants' conduct, Plaintiff suffered damages.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

21. The Truth In Lending Act was enacted and amended over the years by Congress "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed

Class Action Complaint for Damages

use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. §1601(a).

22. By its acts and practices as hereinabove described, the Defendants have violated the TILA as follows, without limitation:

   a. By failing to make the proper allocations, adjustments and/or timely credits to Plaintiff's account;

   b. By failing to provide certain disclosures clearly and conspicuously as required by law, including those regarding finance charges and the computation thereof;

   c. By failing to disclose clearly and concisely, the method by which various fees are calculated and the respective time period(s) to which said fees apply; and

   d. By failing to provide certain information regarding "introductory" and/or promotional rates in accordance with the law.

23. That the Plaintiff has detrimentally relied on Defendants' misrepresentations and as a result, suffered damages.

24. Pursuant to 15 U.S.C.§1640, Plaintiff is entitled to recover statutory penalties from the Defendants, actual damages sustained as a result of the Defendants' violations of TILA as well as attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

28. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

    a.  By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated §1788.13(e); and

    b.  By failing to include certain debt collection notices and disclosures required by law.

29. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

30. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

31. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

33. The California Business and Professions Code section 17500, et seq., or the California False Advertising Act, prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

Class Action Complaint for Damages

34. That upon information and belief, Defendants misled the Plaintiff by making misrepresentations about fees and untrue statements about promotional interest-free purchases.

35. That upon information and belief, Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff into entering signing up for the credit account that they would not have otherwise assented to but for Defendants' misrepresentations.

36. That Plaintiff reasonably relied upon Defendants' misrepresentations regarding various matters, and in reasonable reliance on Defendants' misrepresentations, Plaintiff made various purchases and payments over time.

37. That as a result of Defendants' misleading and false advertising, Plaintiff has suffered injury in fact and has lost money or property.

### AS AND FOR A FOURTH CAUSE OF ACTION

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. That Defendants, by engaging in the acts hereinabove described, have committed violations of California Civil Code § 1750 et seq., or The Consumers Legal Remedies Act, which prohibits various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes.

40. That the Plaintiff has suffered injury in fact and has lost money as a result of the Defendants engaging in the acts hereinabove described.

**AS AND FOR A FIFTH CAUSE OF ACTION**

41. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

43. That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

44. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

45. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

46. That the Defendants have been unjustly enriched by committing said acts.

47. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, stress, anxiety and aggravation.

48. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

49. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

**AS AND FOR A SIXTH CAUSE OF ACTION**

50. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

51. That Defendants breached its contract with the Plaintiff by the following acts which include, but are not limited to: making various misrepresentations and confusing

notations regarding the status of Plaintiff's charges and/or refunds; and failing to make the proper adjustments and/or credits on the Plaintiff's credit account.

52. That the Plaintiff has suffered damages as a result of the Defendants engaging in the acts hereinabove described.

## CLASS ALLEGATIONS

53. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. The first cause of action is brought on behalf of Plaintiff and the members of a class.

55. That the class consists of all persons whom Defendants' records reflect resided in the state of California, obtained and/or currently hold a credit account from the Defendants with the "Promotional Purchases" offer, made various purchases and payments in reliance on Defendants' representations, and were improperly credited for returns which resulted in various "adjustments" as reflected on their credit account statements.

56. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the facts that the creditor activity, including Defendants' billing practices, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated TILA by failing to follow appropriate procedures.

    (C)    The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendants.

    (D)    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and consumer-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the TILA. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

58. Billing statements and/or "adjustments" made at the direction of the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

59. Defendants violated TILA. Defendants' violations include, but are not limited to, the following:

    a. By failing to make the proper allocations, adjustments and/or timely credits to Plaintiff's account;

    b. By failing to provide certain disclosures clearly and conspicuously as required by law, including those regarding finance charges and the computation thereof;

    c. By failing to disclose clearly and concisely, the method by which various fees are calculated and the respective time period(s) to which said fees apply; and

    d. By failing to provide certain information regarding "introductory" and/or promotional rates in accordance with the law.

//

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendants in the amount of:

(a) An order certifying the Class defined above, appointing Plaintiff as class representative, and appointing his attorney as class counsel;

(b) Statutory damages and actual damages provided by statute, including, but not limited to: Civil Code §1788.30 et seq., 15 U.S.C. §§1601 et seq., California Business and Professions Code §§17500, et seq., and California Business and Professions Code §§17200, et seq., in an amount to be determined at the time of trial;

(c) Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(d) Costs and reasonable attorney's fees pursuant to statute, common law, and/or the Court's inherent power;

(e) Equitable and injunctive relief;

(f) Restitution; and

(g) For such other and further relief as may be just and proper.

Plaintiff requests trial by jury on all issues so triable.

Dated: March 12, 2020                    AMIR J. GOLDSTEIN, ESQ.

                                                                ___/S/ Amir J. Goldstein_____
                                                                Amir J. Goldstein, Esq.
                                                                **Attorney for Plaintiff**
                                                                7304 Beverly Blvd., Suite 212
                                                                Los Angeles, CA 90036
                                                                Tel 323.937.0400
                                                                Fax 866.288.9194